IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sergio M. Smith, | ) | C/A No. 6:25-cv-00280-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J.C. Roberts, Johnathan Bragg, Maria Berrio, Jonathan Paramore, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 20, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without leave to amend, and without issuance and service of process. ECF No. 17. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF Nos. 19.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends summary dismissal because the Court should abstain from hearing Plaintiff's claims pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), and because Plaintiff has failed to state a plausible claim upon which relief can be granted.  Because Plaintiff filed objections, the Court's review has been de novo.

As an initial matter, there are some recommendations made by the Magistrate Judge to which Plaintiff did not specifically object.  He did not file specific objections as to the Magistrate Judge's recommendations that abstention under *Younger* is appropriate and that Plaintiff failed to make personal allegations of wrongdoing as to Defendants Bragg, Berrio, and Paramore.  Upon de novo review of these portions of the Report, the record, and the applicable law, the Court agrees with these recommendations.

Turning to Plaintiff's Fourth Amendment claims against Defendant Roberts, the Magistrate Judge discerned an unreasonable seizure claim and a malicious prosecution claim. Liberally construed, Plaintiff has objected to these portions of the Report. As to Plaintiff's claim that he was unreasonably seized, the Magistrate Judge determined that Defendant Roberts had a reasonable articulable suspicion that Plaintiff was the person referenced in the 911 call as trespassing and causing a disturbance because Plaintiff was the only person at the restaurant when he arrived. In his objections, Plaintiff states that "Ofc. Roberts had no reason to search or arrest me because the person described in the call to 911 was not me, I was just in the area. The motion filed for discovery for my case details in specifics to the above." ECF No. 19. Plaintiff has not contradicted the Magistrate Judge's recitation of the law or facts; instead, he merely states that he was not the person the manager called about. Accordingly, upon de novo review, the Court agrees with this portion of the Report.

As to any claim for malicious prosecution, as noted by the Magistrate Judge, there has been no favorable termination of Plaintiff's charges. *See Tompson v. Clark*, 596 U.S. 36, 39, 44 (2022). Accordingly, this claim is subject to summary dismissal.

## **CONCLUSION**

Based on the foregoing, the Court agrees with the recommendations in the Report. The Court modifies the report only as to the recommendation that all claims be dismissed with prejudice, and instead dismisses Plaintiff's malicious prosecution claim without prejudice. *See Clayton v. Johnson*, No. 23-7146, 2025 WL 1303950, at *1 (4th Cir. May

6, 2025). The remainder of Plaintiff's claims are dismissed with prejudice; all claims are dismissed without issuance and service of process and without leave to amend.

    IT IS SO ORDERED.

                              s/ Donald C. Coggins, Jr.
                              United States District Judge

May 30, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.